IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| KARL DEE KAY,<br><br>    Plaintiff,<br><br>vs.<br><br>CLINT FRIEL, et al.,<br><br>    Defendants. | ORDER DISMISSING CASE<br><br><br><br>Case No. 2:06-CV-23 TS |

Plaintiff, Karl Dee Kay, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983. Plaintiff was granted leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. This case is now before the Court for screening of Plaintiff's Amended Complaint under 28 U.S.C. § 1915(e), and consideration of Plaintiff's motion for a preliminary injunction and restraining order.

**ANALYSIS**

**I. Screening Standard of Review**

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief may be granted. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give

1

him an opportunity to amend."[1]  When reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff."[2]

Because Plaintiff is proceeding *pro se*, the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers.[3]  However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based."[4]  While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based."[5]

## II. Plaintiff's Allegations

Plaintiff's Complaint states that Plaintiff is a "sincere and devout practitioner of [the] solitary eclectic Wicca religion."[6]  Plaintiff alleges that prison officials are violating his First Amendment right to freely exercise his religion by prohibiting him from possessing various items which he asserts are necessary for his religious worship, including tarot cards, a role-playing

---

[1] *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999).

[2] *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

[3] *Id.*

[4] *Id.*

[5] *Id.*

[6] Compl. at 5.

game called "Dungeons and Dragons," and a metal religious symbol.[7]  Plaintiff also alleges that on one occasion he was interrupted and threatened with a write-up for participating in a "religious ritual celebrating the Wiccan/pagan holiday of Samhain."  Plaintiff alleges that Defendants' actions substantially burdened the free exercise of Plaintiff's religion.  Plaintiff also asserts that Defendants "condone, promote and accomidate [sic] Morman [sic] religious activities" in violation of the Establishment Clause.[8]  Finally, Plaintiff asserts a cause of action under the Religious Land Use and Institutionalized Persons Act (RLUIPA).[9]  Plaintiff seeks declaratory and injunctive relief, as well as punitive damages and costs.

### III. Sufficiency of Plaintiff's Allegations

#### A. Improper Defendant

To state a viable civil rights claim under 42 U.S.C. § 1983 a plaintiff must show an "'affirmative link'" between the harm allegedly suffered and the actions of each named defendant.[10]  Liability for a civil rights violation cannot be based on respondeat superior.[11]

---

[7] It appears from the Complaint that Plaintiff is specifically challenging the denial of a religious symbol made of metal, as opposed to plastic.  Prison policies apparently allow inmates to possess only plastic religious symbols.

[8] Plaintiff appears to be referring to The Church of Jesus Christ of Latter-day Saints (LDS Church), which is sometimes referred to as the "Mormon" church.

[9] *See* 42 U.S.C.A. § 2000cc-1 to 3.

[10] *See Anaya v. Crossroads Managed Care Sys. Inc.*, 973 F. Supp. 1228, 1248 (D. Colo. 1997) (citation omitted), *rev'd on other grounds*, 195 F.3d 584 (10th Cir. 1999).

[11] *See West v. Atkins*, 487 U.S. 42, 54 n.12 (1988); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996) ("[S]upervisor status by itself is insufficient to support liability.  Rather, '[p]ersonal participation is an essential allegation in a § 1983 claim.'").

Plaintiff does not allege any facts affirmatively linking Clint Friel to the violations asserted in the Complaint. In fact, Friel is not even mentioned in the body of the Complaint, and it appears that he is named as a defendant based solely on his supervisory position. Because supervisory status is not sufficient grounds for liability under § 1983 the Court finds that Friel must be dismissed from this case.

### B. Free Exercise Claim

It is well established that "convicted prisoners do not forfeit all constitutional protections by reason of their conviction and confinement in prison."[12] "The Free Exercise Clause mandates that prison authorities afford prisoners reasonable opportunities to exercise their sincerely held religious beliefs."[13] However, "[l]awful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system."[14] Thus, prison officials may restrict inmates' religious practices to accomplish the goals of "maintaining institutional security and preserving internal discipline,"[15] so long as the restrictions are "rationally related to legitimate penological interests."[16]

---

[12] *Bell v. Wolfish*, 441 U.S. 520, 545 (1979).

[13] *Hammons v. Saffle*, 348 F.3d 1250, 1254 (10th Cir. 2003) (citing *O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987)).

[14] *Bell,* 441 U.S. at 546.

[15] *Id.*

[16] *Turner v. Safley*, 482 U.S. 78, 89 (1987).

"The first questions in any free exercise claim are whether a plaintiff's beliefs are religious in nature, and whether those religious beliefs are sincerely held."[17] "If either of these requirements is not met, a court need not reach the question of whether a legitimate penological interest outweighs the exercise of the First Amendment right because there is simply no 'free exercise' to protect."[18]

Plaintiff's allegations are insufficient to make a prima facie showing that his beliefs are religious in nature, and that they are sincerely held. Plaintiff's Complaint does not include any facts to support his conclusory assertion that he is a "sincere and devout" practitioner of the Wicca religion. More importantly, however, Plaintiff has not alleged any facts showing that the items being withheld from him–-tarot cards, Dungeons and Dragons game, and metal religious symbol–-are necessary to the practice of the Wicca religion.[19] Similarly, Plaintiff has not clearly described the nature of the "religious ritual" he was prevented from conducting, or its relevance to the Wiccan religion. In the absence of such basic factual allegations the Court cannot conclude that the restrictions challenged by Plaintiff amount to a burden on his exercise of religion. Thus, the Court concludes that Plaintiff's Complaint is insufficient to state a Free Exercise claim under the First Amendment.

---

[17] *Snyder v. Murray City Corp.*, 124 F.3d 1349, 1352 (10th Cir. 1997) (citing *United States v. Seeger*, 380 U.S. 163, 183-84 (1965)).

[18] *Carpenter v. Wilkinson*, 946 F. Supp. 522, 525 (N.D. Ohio 1996).

[19] It appears that Plaintiff is permitted to possess a plastic religious symbol. Plaintiff's Complaint does not state how the composition (i.e. metal versus plastic) of the unidentified religious symbol is relevant to Wiccan religious beliefs or practice.

### C. Establishment Clause

The Establishment Clause prohibits prison officials from favoring particular religions.[20] In *Washington v. Harper*,[21] the Supreme Court reiterated that under the reasonableness standard set forth in *Turner*, prisons must afford an inmate of a minority religion "a reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts."[22]  But, this does not mean "that every religious sect or group within a prison – however few in number – must have identical facilities or personnel."[23] While different religious groups may be treated differently based on legitimate security concerns or other practical considerations, disparate treatment is deemed unreasonable if it is the result of intentional discrimination.[24]

Plaintiff has not alleged sufficient facts showing that Defendants are biased against the Wiccan religion, or that they are intentionally denying Plaintiff a reasonable opportunity to pursue his faith comparable to that afforded inmates of other religions.  The grievance responses quoted in Plaintiff's Complaint show that the Utah Department of Corrections "does recognize Wicca as a valid legal religion."[25]  They also offer perfectly reasonable explanations for the lack

---

[20] *See Cruz v. Beto,* 405 U.S. 319, 321-22 (1972).

[21] 494 U.S. 210, 223-24 (1990).

[22] *Cruz*, 405 U.S. at 322.

[23] *Id.* at 322 n.2.

[24] *See Harris v. McRae*, 448 U.S. 297, 323, n.26 (1980).

[25] Compl. at 7.

of Wiccan religious services at the prison, namely the relatively small number of Wicca practitioners and the lack of community volunteers to assist in facilitating such services. Such practical constraints do not amount to an equal protection violation. As the Supreme Court has recognized, "[a] special chapel or place of worship need not be provided for every faith regardless of size; nor must a chaplain, priest, or minister be provided without regard to the extent of demand."[26]

Similarly, Plaintiff does not allege sufficient facts showing that the items denied to him, such as incense and metal religious symbols, are allowed to inmates of other religions, or that the denial is intended to benefit other religions. The grievance responses quoted in Plaintiff's Amended Complaint show that such items are equally denied to all inmates, regardless of their religious affiliation, based on legitimate security concerns.

Because the facts contained in Plaintiff's Amended Complaint show that any alleged disparate treatment of Wicca practitioners is the result of legitimate security concerns or other practical constraints, not intentional bias, the Court concludes that Plaintiff's allegations are insufficient to state an Establishment Clause claim.

### D. Religious Land Use and Institutionalized Persons Act

As previously noted, Plaintiff's Complaint asserts a cause of action under RLUIPA.[27] RLUIPA requires heightened scrutiny of prison regulations that substantially burden inmates' free exercise rights. RLUIPA provides, in relevant part:

---

[26] *Cruz,* 405 U.S. at 322 n.2.

[27] 42 U.S.C.A. § 2000cc.

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person-(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.[28]

Although RLUIPA mandates heightened scrutiny of certain Free Exercise claims, the relief available under RLUIPA is limited. RLUIPA provides that a person may assert a violation of the statute "in a judicial proceeding and obtain appropriate relief *against a government*."[29] Courts interpreting this statutory language have concluded that it permits cases against a governmental entity, but not against an individual officer, except in his or her official capacity.[30] Moreover, courts examining the issue of "appropriate relief" under RLUIPA have determined that claims for damages are precluded or, at the very least, uncertain.[31]

---

[28] *Id.* § 2000cc-1(a).

[29] *Id.* § 2000cc-2(a) (emphasis added).

[30] *See Boles v. Neet*, 402 F. Supp 2d 1237, 1240 (D. Colo. 2005) (citing *Hale O Kaula Church v. Maui Planning Comm'n.,* 229 F. Supp 2d 1056, 1067 (D. Haw. 2002) ("RLUIPA provides a cause of action against 'governments' and does not appear to allow causes of action against individuals."); *Guru Nanak Sikh Soc'y of Yuba City v. Sutter,* 326 F. Supp.2d 1128, 1136 (E.D. Cal. 2003) (finding that the term "government" includes an official of the entity, and therefore permits suit against the official at least in his or her official capacity); and *Rowe v. Davis,* 373 F. Supp.2d 822, 828 (N.D. Ind. 2005) (RLUIPA claim may proceed against correctional officer or his successor in an official capacity basis)).

[31] *See Boles*, 402 F. Supp.2d at 1241 (citing *Farrow v. Stanley,* 2005 WL 2671541,at *11 n. 13 (D. N.H. Oct. 20, 2005) (unpublished) (finding that "RLUIPA authorizes 'appropriate relief against a government' . . . . There is substantial uncertainty, however, as to whether this language even provides a right to money damages")).

Although it is unclear from the Complaint whether the named defendants are sued in their individual or official capacities, based on the foregoing, the Court finds that Plaintiff cannot obtain the relief he seeks from any of the named defendants under RLUIPA. First, Defendants are not amenable to suit in their individual capacities under RLUIPA. Second, Plaintiff cannot obtain the money damages he seeks under RLUIPA. And, finally, it appears that none of the named Defendants are able to provide Plaintiff the injunctive relief he seeks, even in their official capacities. Thus, the only conceivably RLUIPA claim in this instance would be a claim for injunctive relief against the Director of the Utah Department of Corrections in his official capacity. The Director, however, is not named as a defendant in this case. Accordingly, the Court concludes that Plaintiff's Complaint fails to state a claim against any of the named Defendants under RLUIPA.

### IV.  Motion for Preliminary Injunction

A preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the right to relief is clear and unequivocal.[32] Further, to obtain a preliminary injunction, Plaintiff must show, among other things, that there is a "substantial likelihood that [he] will eventually prevail on the merits" of his case.[33]

Plaintiff has not met the heightened pleading standard required for preliminary injunctive relief. Based on its finding that Plaintiff's Amended Complaint is insufficient to state a claim on

---

[32] *SCFC ILC, Inc. v. VISA USA, Inc*, 936 F.2d 1096, 1098 (10th Cir. 1991).

[33] *Great Salt Lake Minerals and Chems. Corp. v. Marsh*, 596 F. Supp. 548, 553 (D. Utah 1984).

which relief may be granted, the Court cannot conclude that there is a substantial likelihood Plaintiff will eventually prevail on the merits. Thus, Plaintiff's motion for a preliminary injunction or restraining order is denied.

## ORDER

Based on the foregoing analysis, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's motion for a preliminary injunction or restraining order is **DENIED**;

(2) Clint Friel is **DISMISSED** from this case; and,

(3) Plaintiff's Amended Complaint is **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim on which relief can be granted.

DATED  January 26, 2007.

> BY THE COURT:
>
> _____
> TED STEWART
> United States District Judge