**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH**
**CENTRAL DIVISION**

| | |
|---|---|
| KARL DEE KAY,<br><br>      Plaintiff,<br><br>  v.<br><br>CLINT FRIEL et al.,<br><br>      Defendants. | Case No. 2:06-CV-23 TS<br><br>**MEMORANDUM DECISION AND ORDER DISMISSING AMENDED COMPLAINT ON SCREENING** |

Plaintiff, Karl Dee Kay, an inmate at the Utah State Prison, filed this *pro se* civil rights suit under 42 U.S.C. § 1983. *See* 42 U.S.C.S. § 1983 (West 2007). Plaintiff was allowed to proceed *in forma pauperis* under 28 U.S.C. § 1915(b). *See* 28 *id.* 1915. On January 26, 2007, the Court dismissed Plaintiff's original Complaint on screening for failure to state a claim on which relief could be granted. Plaintiff subsequently moved the Court to reconsider the dismissal and grant leave to amend the Complaint. That motion was granted. Plaintiff filed an Amended Complaint on May 31, 2007 which is now before the Court for screening under 28 U.S.C. § 1915(e).

## ANALYSIS

### I. Background

In its previous screening order the Court identified several deficiencies which required Plaintiff's original Complaint to be

dismissed for failure to state a claim on which relief could be granted.  First, the Court found no facts directly linking Defendant Friel to a violation of Plaintiff's rights, leading to the conclusion that Friel was named solely on the basis of his supervisory role.  Second, the Court found that Plaintiff failed to allege any facts showing that the beliefs and practices allegedly burdened by Defendants are religious in nature and are sincerely held.  See *Snyder v. Murray City Corp.*, 124 F.3d 1349, 1352 (10th Cir. 1997) (citing *United States v. Seeger*, 380 U.S. 163, 183-84, 85 S. Ct. 850, 863 (1965))("The first questions in any free exercise claim are whether a plaintiff's beliefs are religious in nature, and whether those religious beliefs are sincerely held.").  And, finally, the Court found that Plaintiff failed to allege facts supporting his assertion that the items he seeks--tarot cards, Dungeons and Dragons game, and metal religious symbol--are necessary to the practice of Wicca, or that the vaguely described "ritual" which Plaintiff was allegedly prohibited from conducting is a part of Wiccan religious practice.

In its order granting Plaintiff leave to amend, the Court "highly recommend[ed] that Plaintiff seek assistance from the prison contract attorneys in preparing his amended complaint, to ensure that the deficiencies in his original complaint [would be]

properly addressed." (Doc. no. 35 at 1.) Unfortunately, it does not appear that Plaintiff took this recommendation to heart. Instead, Plaintiff appears to have merely copied verbatim the majority of his original Complaint without providing any additional factual support for his claims. Although Plaintiff makes some additional conclusory allegations regarding the sincerity of his beliefs, the religious necessity of the accommodations he seeks, and the legal merit of his claims, he has not provided any additional factual support for those allegations.

## II. Screening Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), a court shall dismiss any claims in a complaint filed *in forma pauperis* if they are frivolous, malicious or fail to state a claim upon which relief can be granted. "Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Perkins v. Kan. Dep't of Corr.*, 165 F.3d 803, 806 (10th Cir. 1999). For screening purposes, the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991).

Because Plaintiff is proceeding pro se the Court must construe his pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Id.* However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While Plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.*

### III. Sufficiency of Plaintiff's Amended Complaint

#### A. Defendant Friel

Plaintiff's Amended Complaint includes only the following statement regarding Friel's involvement: "Plaintiff alleges that Warden Clint Friel knowingly and willfully in concert with all defendants named herein, supports, and enforces policies that deliberately prohibit the Plaintiff from engaging in even his simplest forms of worship." (Am. Compl. ¶ 33.) This conclusory allegation does not show any personal involvement by Friel in making policies or decisions which denied Plaintiff a reasonable opportunity to practice his religion. Plaintiff does not allege facts showing that Friel reviewed any of Plaintiff's grievances or that any religious interference resulted directly from Friel's policy decisions. Nor is there any factual support for Plaintiff's assertion that Friel "supports" or "enforces" any

allegedly unconstitutional policies.  For these reasons, the Court concludes that Plaintiff's Amended Complaint fails to state a claim against Friel.

### B. First Amendment Claims

Plaintiff's Amended Complaint also fails to cure the deficiencies noted in the Court's previous screening order regarding Plaintiff's First Amendment claims.  Specifically, Plaintiff does not allege any additional facts about the nature of his burdened beliefs and practices, nor does he allege specific facts showing that the items and rituals allegedly denied to him are necessary to his religious observance.

Rather than provide such basic facts, Plaintiff now argues that the Court should simply allow this case to proceed because similar claims have purportedly been successfully litigated in other jurisdictions.  Plaintiff argues that "this civil action and the nature of the religious violations has [sic] been challenged by other inmates in the federal district courts throughout the United States and received favorable judgment.  Wherefore, Plaintiff's civil action is almost identical to those already won by other inmates throughtout [sic] this United States."  (Am. Compl. at 15.)  This argument is unpersuasive. Plaintiff not only fails to cite the "almost identical" cases to which he is referring, he also offers no legal support for his

assertion that the existence of such precedent can relieve him of the burden of properly pleading his claims.

### C. Lack of Supporting Documentation

In addition to its dearth of factual allegations, Plaintiff's Amended Complaint also lacks exhibits or other documentation to support his claim.  Although the Amended Complaint makes general references to various exhibits, none were actually included with the Amended Complaint or incorporated therein.  "It is well established that an amended complaint ordinarily supersedes the original and renders it of no legal effect."  *Davis v. TXO Production Corp.*, 929 F.2d 1515, 1517 (10th Cir. 1991).  Thus, under Tenth Circuit precedent, "[u]pon the proper filing of an amended complaint, the district court limits its examination to those claims included in the most recently amended complaint."  *Franklin v. Kansas Dept. of Corrections*, 160 Fed. Appx. 730, *733-734, 2005 WL 3515716 at *1 (10th Cir. 2005) (citing *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).  "However, pursuant to Rule 10(c), *specific allegations* of the prior complaint may be referenced or incorporated by the amended complaint, *but only if reference to allegations in the prior complaint is direct and specific*."  *Fullerton v. Maynard*, 943 F.2d 57, 1991 WL 166400, *2 (10th Cir. 1991) (emphasis added).

Plaintiff's Amended Complaint does not make direct references to specific allegations in his original Complaint. Instead, it contains only general references to various documents outside the pleadings, including Plaintiff's Memorandum in Support of Motion for Reconsideration, and accompanying exhibits. Plaintiff cannot simply incorporate those entire documents into his Amended Complaint by reference.  Although as a pro se litigant Plaintiff is entitled to liberal construction of his pleadings, he remains "subject to the same rules of procedure that govern other litigants."  *Id.*

Under Fed. R. Civ. P. 8(a), the complaint itself must include sufficient facts to give the defendants fair notice of the grounds upon which the plaintiff's claims rest. *Conley v. Gibson*, 355 U.S. 41, 77, 78 S. Ct. 99, 103 (1957).  Plaintiff's pro se status does not exempt him from compliance with this minimal pleading requirement.  "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall*, 935 F.2d at 1109.  Moreover, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant," *id.* at 1110, thus, the Court cannot "supply additional facts, [or] construct a legal theory

7

for plaintiff that assumes facts that have not been pleaded."
*Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

### IV. Conclusion

Based on the foregoing, the Court finds that Plaintiff's Amended Complaint does not cure the defects noted in his original Complaint.  Neither Plaintiff's original Complaint, nor his Amended Complaint, include sufficient facts to give Defendants fair notice of the grounds on which Plaintiff's claims rest. Thus, the Court concludes that Plaintiff's Amended Complaint must be dismissed for failure to state a claim on which relief can be granted.  However, given Plaintiff's pro se status the Court believes he should be allowed a final opportunity to cure the defects in his pleadings.  Once again, the Court admonishes Plaintiff to seek assistance from the prison contract attorneys in drafting and compiling his amended complaint to ensure that the deficiencies noted in this order, as well as the Court's previous screening order, are properly addressed.  Failure to do so will result in this case being dismissed.

## **ORDER**

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Amended Complaint is **dismissed** for failure to state a claim on which relief can be granted; and,

(2) Plaintiff is granted leave to file a Second Amended Complaint in compliance with this order within forty-five days. Failure to do so will result in this case being dismissed in its entirety.

DATED this ___7th__ day of August, 2007.

BY THE COURT:

_____
Ted Stewart
United States District Judge